**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Nos. 25-1164; 25-1168; 25-1275

---

ENVIRONMENTAL DEFENSE FUND, *et al.,*

*Petitioners,*

v.

LEE ZELDIN, *et al.,*

*Respondents.*

---

**PETITIONERS' RESPONSE TO STATUS REPORT**

**AND MOTION TO GOVERN**

Pursuant to this Court's November 19, 2025 Order, Document #2146242, Petitioners Environmental Defense Fund *et al.* respond to the Environmental Protection Agency's ("EPA") Status Report and Motion to Govern, Document #2148884 (Dec. 5, 2025) (hereinafter "EPA Mot.").

1.      First, the Court should deny as moot EPA's request for abeyance pending a decision on consolidation. *See* EPA Mot. at 4-5. Petitioners have already filed a Petition for Review challenging the Final Delay Rule, which was docketed on December 5, 2025. Doc. #2149019 (Case No. 25-1275). The Court consolidated that case with this challenge to the Interim Delay Rule on December 9, 2025. Doc. #2149415. As consolidation has occurred, EPA's request for abeyance is no longer relevant. And there is no need to wait two weeks, as EPA requested, to rehash issues in a second round of motions to govern. *See* EPA Mot. at 5.

2.      Second, the Court should reject EPA's request to indefinitely defer resolution of the fully briefed Motion for Summary Vacatur, Document #2130555. *See* EPA Mot. at 4-5. Petitioners intend to file a second motion for summary vacatur later this month raising separate legal issues from those in the pending Motion. While both motions involve EPA actions delaying compliance deadlines, the challenge to the Interim Delay Rule has its own, distinct grounds for summary vacatur. When issuing the Interim Delay Rule, EPA committed clear legal error by improperly delaying deadlines without "good cause" to skip prior notice and opportunity for comment, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553(b)(B). But that legal issue will not arise in the challenge to the Final Delay Rule, because the Final Delay Rule—issued *after* public comment, unlike the Interim Delay Rule—does not rely on the APA's "good cause"

exception. Instead, in issuing the Final Delay Rule, EPA committed separate, clear legal errors.

3.      Petitioners request that the Court resolve both the pending Motion and forthcoming motion as quickly as possible because these rules are causing ongoing, significant harm to Petitioners' members. *See* MSV at 11-12. Specifically, Petitioners request that the Court assign both motions to the same panel and that the panel consider them at the same time once the second one is fully briefed, *i.e.*, January.

4.      EPA wrongly asserts that the Final Delay Rule "obviates" the need to resolve the pending Motion for Summary Vacatur. EPA Mot. at 4-5. Even if the Final Delay Rule were valid (which it is not), it operates only prospectively from its effective date, December 3, 2025. 90 Fed. Reg. 55671 (Dec. 3, 2025). As the operative rule between July 31 and December 3, 2025, the Interim Delay Rule continues to have legal effect irrespective of the Final Delay Rule. *See* 90 Fed. Reg. 35966, 35967 (July 31, 2025). It is the Interim Delay Rule—not the Final Delay Rule—that governs the applicable emission controls and compliance assurance requirements for oil and gas facilities constructed or modified during that time frame. *See Union of Concerned Scientists v. Nuclear Regul. Comm'n*, 711 F.2d 370, 377 (D.C. Cir. 1983) (challenge to an interim final rule still presented a "live issue" even after adoption of the final rule).

5. Moreover, EPA's increasing use of the "good cause" exception threatens to turn this limited exception into the norm—a result this Court has cautioned against repeatedly. *See, e.g.*, *Util. Solid Waste Activities Grp. v. EPA*, 236 F.3d 749, 754 (D.C. Cir. 2001) (warning that the "good cause" exception is not an "escape clause" and its use should be limited to emergencies). Petitioners identified eight instances between May and September 2025 in which EPA relied on the "good cause" exception to bypass notice and comment requirements and instead issue interim final rules. MSV at 15 n.20; Reply in Support of MSV at 3 n.3, Doc. #2138517 (Oct. 2, 2025). At least two of these instances are nearly identical to the present case, where EPA has sought to evade the applicable procedural requirements and constraints for delaying compliance deadlines under the Clean Air Act, 42 U.S.C. § 7607. *See* 90 Fed. Reg. 29485 (July 3, 2025) (integrated iron and steel manufacturing facilities); 90 Fed. Reg. 29997 (July 8, 2025) (coke ovens). Recently, EPA again invoked the "good cause" exception to delay implementation of oil spill response measures—protections that the agency had previously determined were necessary based on the Deepwater Horizon disaster. 90 Fed. Reg. 51181 (Nov. 17, 2025); *see also* 88 Fed. Reg. 38280 (June 12, 2023) (final rule addressing Deepwater Horizon lessons).

6. Nor is the recent pattern of abusing the good cause exception limited to EPA. The White House has encouraged agencies to more aggressively invoke

the good cause exception to "deregulat[e] at an unprecedent scale." Jeffrey Bossert Clark, Office of Information and Regulatory Affairs, Memorandum M-25-36 at 4 (Oct. 21, 2025).[1] In line with this policy, federal agencies have routinely finalized rules prior to notice and comment, often invoking "emergencies" to justify these actions.[2]

7.      The Court should swiftly resolve the Motion for Summary Vacatur because there is a "a public interest in having the legality of [EPA's] practices settled." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953).

---

[1] https://www.whitehouse.gov/wp-content/uploads/2025/10/M-25-36-Streamlining-the-Review-of-Deregulatory-Actions.pdf?cb=1761144575; *see also* Presidential Memoranda, *Directing the Repeal of Unlawful Regulations* (Apr. 9, 2025), https://www.whitehouse.gov/presidential-actions/2025/04/directing-the-repeal-of-unlawful-regulations/; Exec. Order No. 14,219 (Feb. 19, 2025), https://www.whitehouse.gov/presidential-actions/2025/02/ensuring-lawful-governance-and-implementing-the-presidents-department-of-government-efficiency-regulatory-initiative/.

[2] *See, e.g.*, 90 Fed. Reg. 11020 (Mar. 3, 2025) (Housing); 90 Fed. Reg. 13554 (Mar. 25, 2025) (Health and Human Services); 90 Fed. Reg. 20561 (May 15, 2025) (Treasury); 90 Fed. Reg. 27439 (June 27, 2025) (Homeland Security); 90 Fed. Reg. 41279 (Aug. 25, 2025) (Energy); 90 Fed. Reg. 42704 (Sept. 4, 2025) (Housing); 90 Fed. Reg. 44767 (Sept. 17, 2025) (Commerce); 90 Fed. Reg. 46509 (Sept. 29, 2025) (Transportation); 90 Fed. Reg. 47914 (Oct. 2, 2025) (Labor); 90 Fed. Reg. 47969 (Oct. 3, 2025) (Transportation); 90 Fed. Reg. 48799 (Homeland Security) (Oct. 30, 2025); 90 Fed. Reg. 55042 (Dec. 1, 2025) (Defense).

**CONCLUSION**

In sum, we urge the Court to deny abeyance and resolve both the pending Motion for Summary Vacatur and the forthcoming motion for summary vacatur as quickly as possible.

DATED: December 12, 2025

Respectfully submitted,

/s/ Margaret A. Coulter
Margaret A. Coulter
Jason C. Rylander
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, D.C. 20005
(202) 961-4820
mcoulter@biologicaldiversity.org
jrylander@biologicaldiversity.org

*Counsel for Center for Biological Diversity*

/s/ Darin Schroeder
Darin Schroeder
Mary Sasso
Francis W. Sturges, Jr.
Clean Air Task Force
114 State St., 6th Floor
Boston, MA 02109
(617) 624-0234
dschroeder@catf.us
msasso@catf.us
fsturges@catf.us

*Counsel for Earthworks*

/s/ Wendy Bloom
Wendy Bloom
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500
wbloom@elpc.org

*Counsel for Environmental Law & Policy Center*

/s/ Rosalie Winn
Rosalie Winn
Grace M. Smith
Edwin LaMair
Peter Zalzal
Vickie Patton
Environmental Defense Fund
2060 Broadway, Ste. 300
Boulder, CO 80302
(303) 447-7560
rwinn@edf.org
gsmith@edf.org
elamair@edf.org
pzalzal@edf.org
vpatton@edf.org

Sean H. Donahue
Keri R. Davidson*
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, D.C. 20003
(202) 277-7085
sean@donahuegoldberg.com
*Not admitted in District of Columbia.

*Counsel for Environmental Defense Fund*

/s/ Alexandra O. Schluntz
Alexandra O. Schluntz
Robin Cooley
Earthjustice
1125 17th Street, Suite 1010
Denver, CO 80202
(303) 996-9612
aschluntz@earthjustice.org
rcooley@earthjustice.org

*/s/ Meredith Hankins*
Meredith Hankins
David Doniger
Abirami Vijayan*
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, D.C. 20005
(646) 448-3818
mhankins@nrdc.org
*Not admitted in District of Columbia; application pending.

*Counsel for Natural Resources Defense Council*

*Counsel for Clean Air Council, Dakota Resource Council, Food & Water Watch, Fort Berthold Protectors of Water & Earth Rights, and GreenLatinos*

*/s/ Andres Restrepo*
Andres Restrepo
Sierra Club
50 F St., NW, Eighth Floor
Washington, D.C. 20001
(856) 240-0964
Andres.Restrepo@sierraclub.org

*Counsel for Sierra Club*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), counsel hereby certifies that the foregoing Response to Status Report and Motion to Govern contains 1,018 words, as counted by counsel's word processing system, and thus complies with the word limit. *See* Fed. R. App. P. 27.

Further, this document complies with the typeface and type-style requirements of the Federal Rules of Appellate Procedure, 32(a)(5) and (a)(6), because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 using size 14 Times New Roman font.

Dated: December 12, 2025

*/s/ Rosalie Winn*
Rosalie Winn

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December, 2025, I filed the foregoing motion on Respondents with the Court's CMS/ECF system, which will notify counsel of record.

Dated: December 12, 2025

*/s/ Rosalie Winn*
Rosalie Winn