<u>**ORAL ARGUMENT NOT YET SCHEDULED**</u>

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| **ENVIRONMENTAL DEFENSE FUND,** *et al.* <br><br> *Petitioners,* <br><br> v. <br><br> **LEE ZELDIN, et al.,** <br><br> *Respondents.* | **No. 25-1275** <br> **(consolidated with 25-1164)** |

<u>**MOTION OF THE AMERICAN PETROLEUM INSTITUTE FOR LEAVE TO INTERVENE AS RESPONDENT**</u>

Pursuant to Federal Rules of Appellate Procedure 15(d) and 27 and Circuit Rules 15(b) and 27, the American Petroleum Institute ("API") ("Movant-Intervenor") respectfully moves for leave to intervene as respondent in No. 25-1275, which is consolidated with No. 25-1164. On December 3, 2025, Petitioners Environmental Defense Fund, *et al.* ("EDF") filed a petition for review challenging a final action of the United States Environmental Protection Agency ("EPA" or "Agency") under the Clean Air Act ("CAA" or "Act") entitled "Oil and Natural Gas Sector Climate Review: Extension of Deadlines in Standards of Performance for New, Reconstructed, and Modified Sources and Emissions Guidelines for Existing Sources," published at 90 Fed. Reg. 55671 (Dec. 3, 2025) ("Final Rule").

Pursuant to Federal Rule of Appellate Procedure 15(d), this motion to intervene has been timely filed within 30 days after Petitioners filed their petition for review.

Petitioners take no position on this motion. Respondents do not oppose this motion.

## BACKGROUND

API is a national trade association representing all aspects of America's oil and natural gas industry. API has more than 630 members, from the largest major oil company to the smallest of independents, from all segments of the industry, including producers, refiners, suppliers, pipeline operators, and marine transporters, as well as service and supply companies that support all segments of industry.

On March 8, 2024, EPA promulgated revised New Source Performance Standards ("NSPS") and new Emissions Guidelines ("EG") applicable to greenhouse gases ("GHG") and volatile organic carbon ("VOC") emissions from the oil and gas production sector. 89 Fed. Reg. 16820 (Mar. 8, 2024) ("2024 Rule"). That rule "finalizes comprehensive standards of performance for GHG emissions (in the form of methane limitations) and VOC emissions for new, modified, and reconstructed sources in the Crude Oil and Natural Gas source category, including sources located in the production, processing, and transmission and storage segments." *Id*. at 16823. For existing facilities, "this rulemaking

finalizes EG containing presumptive standards for GHG in the form of methane limitations. States must follow these EG to submit to the EPA plans that establish standards of performance for designated facilities and provide for implementation and enforcement of such standards." *Id*. The effective date of the 2024 Rule was May 7, 2024. *Id*. at 35967.

In an interim final rule published at 90 Fed. Reg. 35966 (July 31, 2025) ("IFR"), EPA asserted that it "has now determined, through ongoing and recent communications with stakeholders and review of the relevant regulatory language, that certain discrete provisions in the final rule present immediate problems related to compliance." *Id.* at 35969. As a result, EPA "amend[ed] certain compliance deadlines and timeframes for implementation in response to information received after promulgation of the 2024 final rule to address legitimate concerns, raised by stakeholders, that certain regulatory provisions are not currently workable or contain problematic regulatory language that frustrates compliance." *Id*.

Petitioner EDF filed a petition for review of the IFR on July 31, 2025, which was docketed as No. 25-1164. Doc. No. 2128496. API was granted leave to intervene in that case in support of EPA on November 19, 2025. Doc. No. 2146242.

In the Final Rule, EPA "[took] final action to respond to comments on" the IFR. *Id*. at 35966. EPA "conclude[d] that the amendments made in the IFR are

3

warranted and [made] further changes to the compliance deadlines in the IFR related to net heating value (NHV) monitoring and the initial reporting deadline." *Id*.

Numerous API members own or operate facilities in the oil and gas production sector that are or potentially are subject to the Final Rule.[1] Thus, API and its members are directly affected by the Final Rule.

On December 3, 2025, Petitioner EDF filed suit to challenge the Final Rule. Movant-Intervenors request leave to intervene as respondents to participate in the litigation in support of EPA.

## ARGUMENT

The Court should allow Movant-Intervenor API to intervene as respondent because, for the reasons discussed below, it meets the standard for intervention in petition for review proceedings in this Court.

## I. Standard for Intervention

Intervention in petition for review proceedings in this Court is governed by Federal Rule of Appellate Procedure 15(d), which provides that a motion for leave to intervene "must be filed within 30 days after the petition for review is filed and must contain a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). This rule "simply requires the

---

[1] See Initial Brief for Industry Petitioners, *State of Texas v. EPA*, No. 24-1054 (D.C. Cir.) at 11.

4

intervenor to file a motion setting forth its interest and the grounds on which intervention is sought." *Synovus Fin. Corp. v. Bd. of Governors of Fed. Reserve Sys.*, 952 F.2d 426, 433 (D.C. Cir. 1991).

The policies supporting district court intervention under Federal Rule of Civil Procedure 24, while not binding in cases originating in courts of appeals, may inform the intervention inquiry under Federal Rule of Appellate Procedure 15(d). *See, e.g.*, *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Scofield*, 382 U.S. 205, 216 n.10 (1965); *Amalgamated Transit Union Int'l v. Donovan*, 771 F.2d 1551, 1553 n.3 (D.C. Cir. 1985) (per curiam). The requirements for intervention of right under Federal Rule of Civil Procedure 24(a)(2) are that: (1) the application is timely; (2) the applicant claims an interest relating to the subject of the action; (3) disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) existing parties may not adequately represent the applicant's interest. *See, e.g.*, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). This Court has stated that an applicant for intervention that meets the test for intervention of right also thereby demonstrates Article III standing. *See Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003)("*Roeder*").[2]

---

[2] Although this Court has previously required intervenors to demonstrate standing, *see NRDC v. EPA*, 896 F.3d 459, 462-63 (D.C. Cir. 2018), the Supreme Court clarified that an intervenor who is not invoking the Court's jurisdiction need not

As discussed below, Movant-Intervenor API meets the elements of this intervention-of-right test and thereby satisfies any applicable standing requirements.

In addition, API has standing to participate in this litigation on behalf of its members. Trade associations such as API have standing to participate in litigation on their members' behalf when:

> (a) [their] members would otherwise have standing to sue in their own right; (b) the interests [they] seek[] to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977); *see also, e.g.*, *Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002). For reasons discussed herein, API's members' will be harmed if Petitioner EDF prevails in its challenge. API's members therefore would have standing to intervene in their own right. Further, the interests that API seeks to protect are germane to its purpose of participating in proceedings and related litigation that affect its members. Finally, participation of API's individual members in this litigation is not required.

In addition, API meets any prudential standing requirements because its members, as the parties directly regulated by the rule at issue here, have interests

---

demonstrate standing. *See Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019). Regardless, Movant-Intervenor API has standing.

"within the zone of interests to be protected or regulated by the [CAA]." *Nat'l Petrochemical & Refiners Ass'n v. EPA*, 287 F.3d 1130, 1147 (D.C. Cir. 2002) (per curiam) (internal quotation marks and citation omitted).

## II. Movant-Intervenors Meet the Standard for Intervention

### A. This Motion is Timely.

Movant-Intervenor API meets the timeliness requirement because this motion is being filed, in compliance with Federal Rule of Appellate Procedure 15(d), within 30 days after Petitioner EDF filed its petition for review on December 3, 2025. Moreover, because this motion is being filed at an early stage of the proceedings and before the establishment of a briefing schedule, granting this motion will not disrupt or delay any proceedings. If granted intervention, Movant-Intervenor API will comply with any briefing schedule established by the Court.

### B. Movant-Intervenor API and Its Members Have Interests That Will Be Impaired If Petitioners Prevail.

This litigation threatens the interests of Movant-Intervenor API and its members. If the revised compliance deadlines established in the Final Rule are overturned in this litigation, it would be difficult, if not impossible, for Movant-Intervenor API's members to demonstrate compliance for the affected provisions under the prior unrealistic and unlawful accelerated compliance deadlines. Thus, if

7

the interest prongs of Federal Rule of Civil Procedure 24 are relevant, Movant-Intervenor API and its members clearly meet them here.

The interest test for intervention, under this Court's standard, is flexible and "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967). Further, a legally protectable interest may exist where an intervenor-applicant demonstrates that it stands to "gain or lose by the direct legal operation and effect of the judgment." *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980) (internal quotation marks and citation omitted). This Court has held that "[t]he 'threatened loss' of [a] favorable action [by an agency] constitutes a 'concrete and imminent injury'" justifying intervention. Order, *New York v. EPA*, No. 17-1273 (D.C. Cir. Mar. 14, 2018) (per curiam) (ECF No. 1722115) (quoting *Fund for Animals*, 322 F.3d at 733) (granting group's motion to intervene in challenge to EPA denial of rulemaking petition that would have subjected group's members to more stringent regulation).

### C. Existing Parties Cannot Adequately Represent Movant-Intervenors' Interests.

Under Federal Rule of Civil Procedure 24(a)(2), the burden of showing inadequate representation in a motion for intervention "is not onerous" and "[t]he applicant need only show that representation of his interest 'may be' inadequate,

8

not that representation will in fact be inadequate." *Dimond v. Dist. of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).  Assuming *arguendo* that inadequate representation is a relevant inquiry for intervention under Federal Rule of Appellate Procedure 15(d),[3] Movant-Intervenor API meets that criterion here.

The interest of EDF in overturning the Final Rule is adverse to Movant-Intervenor's interest in maintaining the revised compliance deadlines established in the Final Rule.  Thus, Petitioner EDF cannot represent the interests of Movant-Intervenor or its members.

EPA also cannot adequately represent Movant-Intervenor's interests here.  As a governmental entity, EPA necessarily represents the broader "general public interest."  *Dimond*, 792 F.2d at 192-93 ("A government entity … is charged by law with representing the public interest of its citizens …. The [government entity] would be shirking its duty were it to advance th[e] narrower interest [of a business concern] at the expense of its representation of the general public interest."); *Fund for Animals*, 322 F.3d at 736 (this court "ha[s] often concluded that governmental entities do not adequately represent the interests of aspiring intervenors").

---

[3] Federal Rule of Civil Procedure 24(a)(2)'s "adequate representation" prong has no parallel in Federal Rule of Appellate Procedure 15(d), but Movant-Intervenors address it here to inform the Court fully.

9

This Court has recognized that, "[e]ven when the interests of EPA and [intervenors] can be expected to coincide, … that does not necessarily mean that adequacy of representation is ensured …." *NRDC v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977). In *NRDC*, after rubber and chemical manufacturers had sought unsuccessfully to intervene in the district court in support of EPA, this Court on appeal reversed the denial of intervention. Because the companies' interests were narrower than those of EPA and were "concerned primarily with the regulation that affects their industries," the companies' "participation in defense of EPA decisions that accord with their interest may also be likely to serve as a vigorous and helpful supplement to EPA's defense." *Id.* at 912-13 (emphasis in original omitted). Here, unlike EPA, Movant-Intervenor has a specific, focused interest in maintaining the revised compliance deadlines that will supplement EPA's position.

In sum, the existing parties do not and cannot adequately represent Movant-Intervenors' interests in this case.

## CONCLUSION

For the foregoing reasons, Movant-Intervenor API respectfully requests leave to intervene as respondent in Case No. 25-1275.

Respectfully submitted,

                                                  */s/ William L. Wehrum*
William L. Wehrum
Wehrum Environmental Law LLC
1629 K Street, NW, Suite 300
Washington, D.C. 20006
(302) 300-0388
William_Wehrum@comcast.net
*Counsel for the American Petroleum Institute*

John Wagner
AMERICAN PETROLEUM INSTITUTE
200 Massachusetts Ave., NW
Washington, D.C. 20001
(202) 682-8000
Wagner@api.org

Christian Daniel
AMERICAN PETROLEUM INSTITUTE
200 Massachusetts Ave., NW
Washington, D.C. 20001
(202) 682-8000
DanielC@api.org

Dated: December 30, 2025

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(f) and (g), I hereby certify that the foregoing motion complies with the type volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2083 words, excluding exempted portions, according to the count of Microsoft Word.

I further certify that the motion complies with Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in 14-point Times New Roman type.

Respectfully submitted,

*/s/ William L. Wehrum*
William L. Wehrum

Dated: December 30, 2025

**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| **ENVIRONMENTAL DEFENSE FUND**, *et al.* <br><br> *Petitioners*, <br><br> v. <br><br> **LEE ZELDIN, et al.**, <br><br> *Respondents.* | No. 25-1275 <br> (consolidated with 25-1164) |

**RULE 26.1 DISCLOSURE STATEMENT OF MOVANT-INTERVENOR
THE AMERICAN PETROLEUM INSTITUTE**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and D.C. Circuit Rule 26.1, movant-intervenor the American Petroleum Institute ("API") files the following statement:

API is a national trade association representing all aspects of America's oil and natural gas industry. API has more than 630 members, from the largest major oil company to the smallest of independents, from all segments of the industry, including producers, refiners, suppliers, pipeline operators, and marine transporters, as well as service and supply companies that support all segments of industry. API has no parent company, and no publicly held company has a 10 percent or greater ownership interest in API.

        Respectfully submitted,

        */s/ William L. Wehrum*
        William L. Wehrum
        Wehrum Environmental Law LLC
        1629 K Street, NW, Suite 300
        Washington, D.C. 20006
        (302) 300-0388
        William_Wehrum@comcast.net
        *Counsel for the American*
        *Petroleum Institute*

John Wagner
AMERICAN PETROLEUM INSTITUTE
200 Massachusetts Ave., NW
Washington, D.C. 20001
(202) 682-8000
Wagner@api.org

Christian Daniel
AMERICAN PETROLEUM INSTITUTE
200 Massachusetts Ave., NW
Washington, D.C. 20001
(202) 682-8000
DanielC@api.org

Dated: December 30, 2025

2

**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| **ENVIRONMENTAL DEFENSE FUND**, *et al.* <br><br> *Petitioner*, <br><br> v. <br><br> **LEE ZELDIN, et al.,** <br><br> *Respondents.* | **No. 25-1275** <br> **(consolidated with 25-1164)** |

**CERTIFICATE OF MOVANT-INTERVENOR
THE AMERICAN PETROLEUM INSTITUTE
AS TO PARTIES, RULINGS AND RELATED CASES**

Pursuant to Circuit Rules 27(a)(4) and 28(a)(1)(A), Movant Intervenor the American Petroleum Institute certifies that the parties, including intervenors, and *amici curiae* in this case are as set forth below. Because this case involves direct review in this Court of agency action, the requirement to furnish a list of parties, including intervenors, and *amici curiae* that appeared below is inapplicable.

I.   **Parties and Amici**

**Petitioners:** Petitioners in the consolidated cases are Environmental Defense Fund, Center for Biological Diversity, Clean Air Council, Dakota Resource Council, Earthworks, Environmental Law & Policy Center, Food & Water Watch,

Fort Berthold Protectors of Water and Earth Rights ("Ft. Berthold POWER"), GreenLatinos, Natural Resources Defense Council, and Sierra Club.

**Respondents:** Respondents in the consolidated cases are U.S. Environmental Protection Agency and Lee Zeldin, Administrator, U.S. Environmental Protection Agency.

**Intervenors:** There are no intervenors at the time of this filing.

*Amici Curiae*: There are no *amici curiae* at the time of this filing.

## II.   Ruling Under Review

"Oil and Natural Gas Sector Climate Review: Extension of Deadlines in Standards of Performance for New, Reconstructed, and Modified Sources and Emissions Guidelines for Existing Sources," published at 90 Fed. Reg. 55671 (Dec. 3, 2025).

## III.   Related Cases

Case Nos. 25-1164 and 25-1168 appeal the EPA's predicate interim final rule.  Those cases have been consolidated by the Court and the instant case No. 25-1275 has been consolidated with No. 25-1164.  There are no other related cases at the time of this filing.

                                                              Respectfully submitted,

                                                              */s/ William L. Wehrum*
                                                              William L. Wehrum
                                                              Wehrum Environmental Law LLC
                                                              1629 K Street, NW, Suite 300
                                                              Washington, D.C. 20006
                                                              (302) 300-0388
                                                             William_Wehrum@comcast.net
                                                             *Counsel for the American*
                                                             *Petroleum Institute*

John Wagner
AMERICAN PETROLEUM INSTITUTE
200 Massachusetts Ave., NW
Washington, D.C. 20001
(202) 682-8000
Wagner@api.org

Christian Daniel
AMERICAN PETROLEUM INSTITUTE
200 Massachusetts Ave., NW
Washington, D.C. 20001
(202) 682-8000
DanielC@api.org

Dated: December 30, 2025

# **CERTIFICATE OF SERVICE**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure and Circuit Rule 25(c), I hereby certify that on December 30, 2025, I caused the foregoing Motion of the American Petroleum Institute for Leave to Intervene as Respondent and accompanying documents to be electronically filed with the Clerk of the Court by using the court's CM/ECF system. All registered counsel will be served by the Court's CM/ECF system.

*/s/ William L. Wehrum*
William L. Wehrum