# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-1164**                                     **September Term, 2025**

**EPA-90FR35966**
**EPA-90FR55671**

**Filed On:** March 2, 2026

Environmental Defense Fund, et al.,

        Petitioners

      v.

Lee M. Zeldin, Administrator, U.S.
Environmental Protection Agency and
Environmental Protection Agency,

        Respondents

------------------------------

American Exploration & Production Council,
et al.,

        Intervenors

------------------------------

Consolidated with 25-1168, 25-1275


**BEFORE:**    Henderson, Pillard, and Pan, Circuit Judges

## O R D E R

Upon consideration of the motion for summary vacatur in No. 25-1164 and No. 25-1168, the responses and the supplement thereto, the reply, the supplemental briefs, and petitioners' notice regarding request for dismissal; and the motion for summary vacatur or, in the alternative, for expedition in No. 25-1275, the responses thereto, and the reply, it is

**ORDERED** that No. 25-1164 and No. 25-1168 be dismissed as moot. Petitioners have not shown that vacatur of the interim rule would afford them meaningful relief. See McBryde v. Comm. to Review, 264 F.3d 52, 55 (D.C. Cir. 2001) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot.").  It is

**No. 25-1164**                                    **September Term, 2025**

**FURTHER ORDERED** that the motion for summary vacatur in No. 25-1164 and No. 25-1168 be dismissed as moot.  It is

**FURTHER ORDERED** that the consolidation of No. 25-1164 and No. 25-1168 with No. 25-1275 be terminated.  It is

**FURTHER ORDERED** that the motion for summary vacatur in No. 25-1275 be denied.  The merits of the parties' positions are not so clear as to warrant summary action.  See Cascade Broadcasting Group, Ltd. v. FCC, 822 F.2d 1172, 1174 (D.C. Cir. 1987) (per curiam).  It is

**FURTHER ORDERED** that the request to expedite No. 25-1275 be denied.  See D.C. Circuit Handbook of Practice and Internal Procedures 34 (2025).  It is

**FURTHER ORDERED** that, because No. 25-1275 appears to present potential problems of duplicative briefing, the parties submit, within 21 days of the date of this order, proposed formats for the briefing of that case.  The parties are strongly urged to submit a joint proposal and are reminded that the court looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief.  Whether the parties are aligned or have disparate interests, they must provide *detailed* justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment.  Requests to exceed the standard word allotment must specify the word allotment necessary for each issue.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate in No. 25-1164 and No. 25-1168 until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:     /s/
        Selena R. Gancasz
        Deputy Clerk