# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-1275**  **September Term, 2025**

**EPA-90FR55671**

**Filed On:** May 7, 2026

Environmental Defense Fund, et al.,
          Petitioners

          v.

Lee M. Zeldin, Administrator, U.S.
Environmental Protection Agency and
Environmental Protection Agency,

          Respondents

------------------------------

Western Energy Alliance, et al.,
          Intervenors

**BEFORE:**    Walker, Childs, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the joint proposed briefing schedule and format, it is

**ORDERED** that the following briefing schedule will apply:

| | |
|---|---|
| Petitioners' Opening Brief (not to exceed 13,000 words) | May 20, 2026 |
| Briefs of Amici Supporting Petitioners, if any (not to exceed 6,500 words each) | May 27, 2026 |
| Respondents' Brief (not to exceed 13,000 words) | July 17, 2026 |
| State Intervenors' Brief (not to exceed 6,500 words) | July 31, 2026 |
| Industry Intervenors' Brief (not to exceed 6,500 words) | July 31, 2026 |

**No. 25-1275**                              **September Term, 2025**

| | |
|---|---|
| Briefs of Amici Supporting Respondents, if any (not to exceed 6,500 words each) | July 31, 2026 |
| Petitioners' Reply Brief (not to exceed 6,500 words) | August 11, 2026 |
| Joint Appendix | August 14, 2026 |
| Final Briefs | August 18, 2026 |

The Clerk is directed to calendar this case for oral argument on the first appropriate date in October 2026. The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that:

In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . The brief must include arguments and cite evidence establishing by a "substantial probability" the claim of standing.

See D.C. Cir. Rule 28(a)(7); Sierra Club v. EPA, 292 F.3d 895, 898 (D.C. Cir. 2002).

Petitioners should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43-44 (2025); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-1275**                                    **September Term, 2025**

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  <u>See</u> Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  <u>See</u> D.C. Cir. Rule 28(a)(8).

### <u>Per Curiam</u>

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:     /s/
Selena R. Gancasz
Deputy Clerk